```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE   NO.   08-10047-Civ-MARTINEZ
                         MAGISTRATE JUDGE P.A. WHITE
```

| | |
|---|---|
| JOHN M. BELLARD, : | |
| Petitioner, : | |
| v. : | REPORT OF |
| | MAGISTRATE JUDGE |
| WALTER A. McNEIL, : | |
| Respondent. : | |

John M. Bellard, a state prisoner currently confined at Lake Correctional Institution at Clermont, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 in this Court, attacking his conviction and sentence entered in Case No. 05-00098 in the Circuit Court of the Sixteenth Judicial Circuit of Florida at Monroe County on the following two grounds: (1) the Monroe County Circuit Court lacked jurisdiction over the criminal proceedings, because the crime had occurred in Broward County, Florida; and (2) his lawyer rendered ineffective assistance for failing to challenge the trial court's jurisdiction in the criminal case.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition with attached exhibits, the Court has the petitioner's response to an order regarding the limitations period, and the respondent's response to an order to show cause with multiple exhibits.

The pertinent procedural history of this case is as follows. Bellard was charged by Information with grand theft over $100,000. (DE# 11; App. B). Pursuant to an open plea of *nolo contendere* entered on June 13, 2006, Bellard was convicted of the subject offense and sentenced to a term of imprisonment of 120 months. (DE# 11; App. C, N, O). Bellard did not prosecute a direct appeal from his conviction and sentence. (Petition at 4)(DE# 1). After waiting approximately ten months, Bellard pursued postconviction relief by filing on April 30, 2007, a pro se motion pursuant to Fla.R.Crim.P. 3.850, challenging his conviction and sentence on essentially the grounds raised in the instant petition as well as additional grounds of ineffective assistance of trial counsel. (DE# 11; App. D). The trial court summarily denied the motion (DE# 11; App. E), and the trial court's ruling was *per curiam* affirmed in a decision without written opinion, after the state had filed a response and the petitioner had filed a reply. (DE# 11; App. G, H, I, J). See also Bellard v. State, 973 So. 2d 1139 (Fla. 3 DCA 2008)(table). The mandate was issued on February 20, 2008. (DE# 11; App. J).

Approximately four months after all state court proceedings had concluded, Bellard came to this Court, filing the instant *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on June 12, 2009.[1] In his response to the order to show cause, the respondent solely asserts that this petition should be dismissed as untimely filed. (DE# 8). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed for the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. See Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the

---

[1]The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). See Petition at 16. (DE# 1).

2

limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. §2244(d)(1)(A).[2] This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[3] 28 U.S.C. §2244(d)(2). Moreover, the one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." See Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999). See also Davis v. Johnson, 158 F.3d 806 (5 Cir. 1998), cert. denied, 526 U.S. 1074 (1999).

---

[2]The statute provides that the limitations period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[3]A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

The judgment of conviction and sentence in the underlying criminal case became final at the latest on July 13, 2006, the expiration of the thirty-day appeal period from the judgment. See Fla.R.App.P. 9.110(b); Demps v. State, 696 So. 2d 1296, 1297, n.1 (Fla. 3 Dist. 1997); Ramos v. State, 658 So.2d 169 (Fla. 3 Dist. 1995); Caracciolo v. State, 564 So.2d 1163 (Fla. 4 Dist. 1990); Gust v. State, 535 So. 2d 642 (Fla. 1 Dist. 1988). Since this federal petition for writ of habeas corpus challenging the instant conviction and sentence was not filed until June 12, 2008, more than one year after the date on which the conviction and sentence became final, the petition is time-barred pursuant to 28 U.S.C. §2244(d)(1)(A) unless the limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2). As indicated above, Bellard pursued collateral relief in the state trial and appellate courts. After giving him all the tolling time for which he is due, the untolled time (i.e., 402 days) exceeds one-year, rendering the instant petition untimely filed. In other words, the subject federal petition was due in this Court on or before May 7, 2008, and it was filed thirty-seven days late.

Unless Petitioner establishes that he is entitled to proceed under one of §2244(d)'s statutory tolling provisions, see §2244(d)(1)(B)-(D), or is entitled to equitable tolling of the limitations period, the petition is time-barred. An order was entered requiring the petitioner to state whether one or more of the statutory factors justify consideration of this petition for writ of habeas corpus. (DE# 5). The petitioner was notified that failure to demonstrate the existence of at least one of the four factors would probably result in dismissal of the petition. Id. Bellard has filed a response to this Court's order, apparently

4

conceding that the instant petition is untimely filed but asserting that he should be excused from the one-year limitation period on the basis of equitable tolling. See Petitioner's Response to Limitations Period. (DE# 13). Specifically, he maintains that he was prevented from pursuing a direct appeal, because he was in transit from the Monroe County Jail to the Florida Department of Corrections during the thirty-day period to file a notice of direct appeal; he is a layperson, not knowledgeable in the law; and he was provided with limited access to the law library (i.e., one-hour per week). Id.

As indicated, in order to be eligible for equitable tolling, a petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Lawrence v. Florida, 549 U.S. 327 (2007); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The Eleventh Circuit has emphasized that equitable tolling is used "is an extraordinary remedy that must be applied sparingly." Holland v. Florida, 539 F.3d 1334, 1338 (11 Cir. 2008)(citations omitted). This high hurdle is not surmounted easily. Howell v. Crosby, 415 F.3d 1250 (11 Cir. 2005), *cert. denied*, 546 U.S. 1108 (2006).

Bellard is not entitled to equitable tolling on the basis that his access to the law library was limited.[4] The courts have held that transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary

---

[4]It is noted that Bellard has not provided documentation from the Florida Department of Corrections regarding the amount of time he was permitted to visit the law library. Absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative value. Ross v. Estelle, 694 F.2d 1008, 1011-12 (5 Cir. 1983).

circumstances warranting equitable tolling. See Akins v. United States, 204 F.3d 1086, 1089-90 (11 Cir. 2000)(holding that lockdown would not equitably toll the running of the one-year period because prisoner had adequate time to file a timely motion to vacate when he was not in a lockdown situation), cert. denied, 531 U.S. 971 (2000). See also Lindo v. Lefever, 193 F.Supp.2d 659, 663 (E.D N.Y. 2002). Even if his confinement resulted in restricted access to the prison law library, such assertion does not entitle Bellard to equitable tolling. The Constitution does not guarantee a prisoner unlimited access to the law library. Prison officials of necessity must regulate the time, manner and place in which library facilities and legal assistant programs are used. See Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9 Cir. 1985). Access to law libraries and legal assistance from other inmates may be restricted of necessity by common prison occurrences such as placement in close management confinement, administrative segregation, disciplinary confinement and/or a mental health treatment unit.

Further, his assertion that his transfer from the county jail to the custody of the Florida Department of Corrections prevented him from filing a timely notice of direct appeal is without merit. Review of the records maintained by the Florida Department of Corrections indicates that Bellard was placed in the custody of the Florida Department of Corrections on July 5, 2006. See http://www.dc.state.fl.us.[5] Bellard had until July 13, 2006, thirty days after his conviction and sentence were entered, to file a timely notice of appeal. He certainly had sufficient time to institute appellate proceedings.

---

[5]The Court takes judicial notice of information available at the database maintained by the Florida Department of Corrections, http://www.dc.state.fl.us, viewed this date. See Fed.R.Evid. 201.

Bellard's next claims that he is entitled to equitable tolling because he is a layperson, untrained in the law and such status prevented him from instituting direct appeal proceedings and/or state postconviction proceedings earlier than he did. Since a lack of knowledge of the law is not in any way rare, and is probably the rule rather than exception among prisoners, it is not extraordinary or unusual. Bellard's status as an unskilled layperson, therefore, does not excuse the delay. See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d at 1323 (holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required).

If Bellard is also maintaining that he could not timely file his habeas petition with this Court, because he first needed to exhaust his state court remedies prior to filing the instant petition, any such claim would also be meritless. Because the tolling provisions of §2244(d)(2) already accommodate the exhaustion requirement that petitioner faced, he would not be entitled to equitable tolling on this basis. See Smith v. McGinnis, 208 F.3d 13, 17-18 (2 Cir. 2000); See also Franklin v. Bagley, 27 Fed. Appx. 541, 542-543 (6 Cir. 2001)(limitations period not equitably tolled due to the fact that petitioner was attempting to exhaust all of his state court remedies prior to filing his federal habeas petition, absent a showing of due diligence).

In any event, even if any or all of the above-listed reasons asserted were meritorious, for equitable tolling to apply, the

petitioner must not only demonstrate "rare and exceptional circumstances," the petitioner must also "diligently pursue his §2254 relief." See Diaz v. Secretary for Dept. of Corr., 362 F.3d 698, 702 (11 Cir. 2004)("[E]quitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence.")(emphasis supplied). The record does not demonstrate that Bellard acted diligently, a burden necessary to sustaining his claim of extraordinary circumstances. Drew v. Department of Corrections, 297 F.3d 1278, 1288 (11 Cir. 2002). Review of the record in this case reveals that Bellard has not pursued the process with diligence and alacrity. He has, therefore, not sustained his burden of proving that the factual predicates of this case warrant equitable tolling. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984). See also Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)(principles of equitable tolling do not extend to what is best a garden variety claim of excusable neglect). "[E]quity is not intended for those who sleep on their rights." See Fisher v. Johnson, 174 F.3d 710 (5 Cir. 1999), citing, Convey v. Arkansas River Co., 865 F.2d 660, 662 (5 Cir. 1989).

Any reliance by Bellard on the fact that he pursued state postconviction relief in a timely fashion by filing his Rule 3.850 motion within Florida's two-year limitations period would also be unavailing. The Florida limitation period has no bearing on this federal habeas corpus proceeding. Florida's two-year limit does not extend the AEDPA's one-year limitations period. See Howell v. Crosby, 415 F.3d 1250, 1251-52 (11 Cir. 2005)(holding that §2254 petitioner whose state post-conviction petition was timely filed pursuant to an extension of time granted by state court but which was filed more than one year after his conviction became final

8

under §2244(d)(1)(A) was entitled to neither statutory nor equitable tolling). See also Tinker, 255 F.3d at 1334-35 (holding that Florida's then-applicable two-year limitations period for state habeas petitions did not toll the federal one-year period; rather, a federal petitioner "must exercise his [state remedy] within one year ... and do so in a manner that leaves him sufficient time to timely file his federal petition"). The record also does not demonstrate that Bellard was in any way impeded by any unconstitutional State action in pursuing any possible direct appeal, state postconviction relief or filing this federal petition for writ of habeas corpus, and actually indicates to the contrary as demonstrated by the above-reviewed state postconviction proceedings.

In conclusion, the record does not support application of the equitable tolling doctrine or any other exception to the limitations period. Accordingly, the time-bar is ultimately the result of Bellard's failure to timely and properly institute state postconviction proceedings then this federal habeas corpus proceeding. Since this habeas corpus proceeding instituted on June 12, 2008, is untimely, Bellard's claims challenging the lawfulness of his conviction and sentence are now time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and should not be considered on the merits. As the Northern District of Florida aptly stated with regard to statutes of limitations:

> [A]lthough application of the statute of limitations might appear harsh, that is always the case with statutes of limitation. By definition, statutes of limitation preclude presentation of a plaintiff's or petitioner's claims on the merits. Harsh as they are, statutes of limitation serve important interests. And harsh as it might seem, statutes of limitation establish hard and fast deadlines, subject to tolling under various circumstances but not subject to being held inapplicable simply because a plaintiff or petitioner came close. *The law is and always has been that a statute of*

9

> *limitations creates a definitive deadline; a complaint or petition filed one day late (or six days late as in the case at bar) is untimely, just as if a year late.*

(emphasis added). <u>Turner v. Singletary</u>, 46 F.Supp.2d 1238, 1240 (N.D.Fla. 1999).

As was true in <u>Turner</u>, the harshness in the instant case is mitigated by the fact that it appears clear from full review of the record provided by the respondent that petitioner would not have been entitled to relief in this Court even had he filed his petition in a timely manner. Bellard's challenge to the jurisdiction of the Monroe County Circuit Court is without merit. Section 910.01, <u>Fla.Stat</u>. (West 1997) provides that, "A person who obtains property by larceny, robbery, or embezzlement may be tried in any county in which the person exercises control over the property." The record in this case, which includes Bellard's own admissions in the instant federal petition and state postconviction proceedings, indicates that Bellard obtained or used the subject vessel in Monroe County, Florida.[6] <u>See</u> Petition at 6-7. (DE# 1).

---

[6]The pertinent facts of this case can be found in the instant petition at 6-7 and the Response at 7, 8, 9 filed by the state in the postconviction appellate proceeding. (DE# 1; DE# 11 at App. H). In brief, the facts are as follow:

> On 4 April, 2005, the petitioner was traveling south by southwest at sea in route to the Caribbean Sea in a 54 foot Hatteras Convertible Yacht, allegedly stolen from Richard Turner, a United Kingdom resident of the Cayman Islands, as the vessel was docked at Coral Way and Los Oles [sic] Blvd. in Ft. Lauderdale, Florida, Broward County on 2 April, 2005.
>
> In route to the Caribbean, the petitioner did stop to purchase 600 gallons of fuel in Key Largo, Florida, Monroe County....

(Petition at 6).

> [An] alert was issued by Ft. Lauderdale authorities stating that "a new 54' Hatteras, white in color, with a tuna tower, displaying the name "Venturess" on the transom" was stolen out of Ft. Lauderdale and was now enroute to Key West." (reference to record omitted). Additional information was provided by Officer Larosa "that there were two individuals on board the vessel, one white male and one white female," and that he had observed them one hour before in Fort Largo Canal at Key Largo [purchasing 600 gallons of fuel for the vessel]. (reference to record omitted). Officers Hill and Francis

See also Information; Response at 7-9. (DE# 11; App. B, H). Jurisdiction was, therefore, clearly proper in Monroe County, Florida.

Since the underlying claim is meritless, trial counsel did not render ineffective assistance by failing to pursue a jurisdictional challenge to the court's jurisdiction and/or preserve such an issue for direct appeal. See Strickland v. Washington, 466 U.S. 668 (1984). See also Davis v. Secretary for Dept. of Corrections, 341 F.3d 1310, 1316 (11 Cir. 2003), citing, Clark v. Crosby, 335 F.3d 1303, 1312 n.9 (11 Cir. 2003)(defining "prejudice," in context of an ineffective assistance of appellate counsel claim as "the reasonable probability that the outcome of the appeal would have been different"). Counsel has no duty to raise issues which have little or no chance of success. See generally, Chandler v. Moore, 240 F.3d 907, 917 (11 Cir. 2001)(counsel is not ineffective for failing to raise a non-meritorious objection); Card v. Dugger, 911 F.2d 1494, 1520 (11 Cir. 1990)(holding that appellate counsel is not required to raise meritless issues).

The rejection of Bellard's claims by the trial court in the postconviction proceeding, which decision was affirmed on appeal, Bellard v. State, 973 So. 2d 1139 (Fla. 3 DCA 2008), appear factually reasonable and in accordance with applicable federal principles. Consequently, Bellard would not be successful in this habeas corpus proceeding. See 28 U.S.C. §2254(d); See Williams v. Taylor, 529 U.S. 362 (2000).

Based upon the foregoing, it is recommended that this petition

---

stopped the vessel and arrested [Bellard] approximately two hours after the report was issued.

(Response at 9)(DE# 11; App. H).

for habeas corpus relief be dismissed as untimely filed pursuant to 28 U.S.C. §2244(d)(1)-(2) and, in the alternative, denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

SIGNED this 6th day of April, 2009.

UNITED STATES MAGISTRATE JUDGE

cc: John M. Bellard, Pro Se
    DC# 808328
    Lake Correctional Institution
    19225 U.S. Highway 27
    Clermont, FL 34715-9025

    Lane Hodes, AAG
    Department of Legal Affairs
    444 Brickell Avenue
    Suite 650
    Miami, FL 33131